UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
LEONARDO VALDEZ CRUZ,

                    Plaintiff,

          -against-                    MEMORANDUM AND ORDER
                                       10-CV-2940 (JS)(ARL)
NASSAU SHERIFFS DEPARTMENT,
CORPORAL DONOUGHLY, OFFICER MCATHY,
JOHN DOE 1, OFFICER THOMAS, JOHN
DOE 2, MICHAEL J. SPOSATO,

                    Defendants.
---------------------------------X
APPEARANCES:
For Plaintiff:     Leonardo Valdez Cruz, Pro Se
                   10A3105
                   GREAT MEADOW CORRECTIONAL FACILITY
                   P.O. Box 51
                   Comstock, NY 12821-0051


For Defendants:    No Appearance

SEYBERT, District Judge:

          Presently pending before the Court is the application of
incarcerated pro se plaintiff Leonardo Valdez Cruz ("Plaintiff")to
proceed in forma pauperis filed together with a Complaint alleging
violation of Plaintiff's Eighth Amendment Constitutional rights
pursuant to 42 U.S.C. § 1983 ("Section 1983").  The application to
proceed in forma pauperis is GRANTED.  However, for the reasons set
forth below, the Complaint is sua sponte DISMISSED WITH PREJUDICE
as against Nassau County Sheriffs Department and DISMISSED WITHOUT
PREJUDICE as against Nassau County, Corporal Donoughly, Michael J.
Sposato, Officer Mcathy, Officer Thomas ans John Does 1 and 2 with
leave to file an Amended Complaint.

Plaintiff purports to allege violation of his Eighth Amendment rights due to the negligent and reckless disregard of his safety during his incarceration at the Nassau County Correctional Center. According to the Complaint, during February 2010, several items of "contraband" were left unattended in Tier B4D at the Nassau County Correctional Center. Unidentified correction officers are alleged to have allowed an unidentified inmate, who had been placed in administrative segregation because he was considered a threat to himself and others, to enter Tier B4D without supervision. Subsequently, this inmate procured an item of contraband, in this case a broom, and began attacking the Plaintiff. (Compl. at ¶ IV). Plaintiff contends that he was locked in his cell, defenseless, as the inmate attacked him. The Complaint describes that Plaintiff's screams for help went unanswered until after the inmate broke the broom stick turning it into a spear and then stabbed Plaintiff in his left leg. As a result, Plaintiff alleges that he needed medical treatment for his injuries. (Compl. at ¶ IV).

Plaintiff further alleges that, on February 24, 2010, he was transferred from Tier B4D to Tier B4C. Plaintiff contends that he informed an unidentified officer that it would be unsafe for him to move to Tier B4C because he had previously been involved in conflicts with other inmates housed there. (Compl. at ¶ IV).

Plaintiff alleges that notwithstanding his request not to be transferred, he was nonetheless moved to Tier B4C, and upon entrance into the Tier Plaintiff was "accosted by an inmate with his fist balled up and arms swinging."  (Compl. at ¶ IV). According to the Complaint, Plaintiff sought assistance from the unidentified correction officer present who, rather than stop the altercation, stated, "[l]ets [sic] see if you can fight a man." (Id.).  Plaintiff alleges that he suffered unspecified injuries during this attack and again needed medical attention.  Plaintiff further contends that the correction officer permitted this altercation because of a personal prejudice against Plaintiff due to the allegation that Plaintiff killed the mother of Plaintiff's children.  (Id.).

Plaintiff seeks $20 million as compensation for unspecified injuries suffered due to the failure of the Sheriff's Department and correction officers to ensure his safety in Nassau County Correctional Center.  (Compl. at ¶¶ IV and V).

DISCUSSION

I.   <u>In Forma Pauperis Application</u>

Upon review of Plaintiff's declaration in support of his application to proceed <u>in forma pauperis</u>, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee.  <u>See</u> 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's request to proceed <u>in forma pauperis</u> is

GRANTED.

II. Application of the Prison Litigation Reform Act

The 1996 Prison Litigation Reform Act, codified at 28 U.S.C. § 1915, requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii); 28 U.S.C. § 1915A(a) & (b); Abbas v. Dixon, 480 F.3d 636, 639 (2d Cir. 2007). The Court is required to dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(a).

It is axiomatic pro se complaints are held to less stringent standards than pleadings drafted by attorneys and the Court is required to read the Plaintiff's pro se Complaint liberally and interpret it raising the strongest arguments it suggests. Erickson v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); Hughes v. Rowe, 449 U.S. 5, 9, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980); Pabon v. Wright, 459 F.3d 241, 248 (2d Cir. 2006); (McEachin v. McGuinnis, 357 F.3d 197, 200 (2d. Cir. 2004) ("[W]hen the plaintiff proceeds pro se, . . . a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). Moreover, at this stage of the proceeding, the Court assumes the truth of the allegations in the complaint. See Hughes, 449 U.S. at 10; Koppel v. 4987 Corp., 167

F.3d 125, 127 (2d Cir. 1999).

III. <u>Claims Against Nassau County Sheriffs Department</u>

"[U]nder New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and therefore, cannot sue or be sued." <u>See</u> <u>Davis v. Lynbrook Police Dep't</u>, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002) (dismissing claim against Lynbrook Police Department); <u>see also</u> <u>Carthew v. County of Suffolk</u>, No. 07-CV-4209 (JFB)(ETB), 2010 WL 1794618, at *4 (E.D.N.Y. May 6, 2010) (holding that the Suffolk County police department is an administrative arm of the County and, thus, lacks the capacity to be sued); <u>Barreto v. Suffolk County</u>, No. 10-CV-0028, 2010 WL 301949, at *2 (E.D.N.Y. Jan. 20, 2010); <u>Hall v. City of White Plains</u>, 185 F. Supp. 2d 293, 303 (S.D.N.Y. 2002). Nassau County Sheriff's Department is an administrative arm of Nassau County, without a legal identity separate from the County it lacks capacity to be sued. Accordingly, the Plaintiff's claims against Nassau County Sheriffs Department are DISMISSED WITH PREJUDICE. Construing Plaintiff's Complaint liberally, <u>see</u> <u>Burgos v. Hopkins</u>, 14 F.3d 787, 790 (2d Cir. 1994), the Court infers that Plaintiff intended to bring this claim against Nassau County.

Accordingly, the Complaint is deemed amended to be brought against Nassau County rather than the Nassau County Sheriffs Department and the Clerk of the Court is directed to so

5

amend the caption.

IV.  Section 1983

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured."  42 U.S.C. § 1983.  To state a claim under Section 1983, a plaintiff must "allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States."  Rae v. County of Suffolk, No. 07-CV-2138 (RRM)(ARL), 2010 WL 768720, at *4 (E.D.N.Y. Mar. 5, 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).  Section 1983 does not create a substantive right; rather, to recover, a plaintiff must establish the deprivation of a separate, federal right.  See Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999).

A.  Failure to Protect Claim

Under the Eighth Amendment prison officials are required to take reasonable measures to guarantee the safety of inmates. This duty includes an obligation to protect prisoners from harm caused by other inmates.  Wheeler, 2005 WL 2180451 at *7 (citing Farmer v. Brennan, 511 U.S. 825, 833-34, 114 S. Ct. 1970, 1976-77,

6

128, L. Ed. 2d 811 (1994)).  To state a cognizable failure to protect claim under Section 1983 the inmate must demonstrate that: (1) he is incarcerated under conditions "posing a substantial risk of serious harm;" and (2) he prison official acted with "deliberate indifference" to the safety of the inmate.  Warren, 476 F. Supp. 2d at 410; see also Hayes v. New York City Dep't of Corr., 84 F.3d 614, 620 (2d Cir. 1996); Morales v. New York State Dep't of Corr., 842 F.2d 27, 30 (2d Cir. 1988); Wilkins v. Poole, No. 08-CV-6207L, 2010 WL 1510853, at *3 (W.D.N.Y. Mar. 30, 2010).

### 1.  Substantial Risk of Serious Harm

Plaintiff must show that prison officials actually knew of and disregarded an excessive risk of harm to the inmate's health or safety.  Silvagnoli v. Fischer, No. 07-CV-0561(NAM)(GJD), 2010 WL 1063849, at * 12 (N.D.N.Y. Mar. 1, 2010).  "The defendant must be aware of the facts from which the inference can be drawn that a substantial risk of serious harm exists, and the defendant must also draw that inference."  Id. (citing Farmer, 511 U.S. at 836). Plaintiff contends he was placed in "substantial risk of serious harm" on two occasions: (1) the officers knowingly allowed an inmate on administrative segregation into Plaintiff's cell unattended; and (2) officers knowingly placed Plaintiff on a dangerous tier and stood by as Plaintiff was attacked.  In the first instance, the inmate's status of "administratively segregated" provides actual notice to the officers that he is

dangerous and can potentially pose a "substantial risk of serious injury." In the second instance, the Plaintiff asserts that the correction officer was not only aware of the previous conflict between Plaintiff and the inmates on tier B4C, but he transferred Plaintiff there despite this known conflict. Further, the Complaint alleges that once Plaintiff arrived on tier B4C he was attacked and not only did the correction officer stand by but he participated by stating, "[l]ets [sic] see if you can fight a man." In this instance too, the correction officer had actual knowledge of a posed risk to Plaintiff in which he should have realized would place Plaintiff in "substantial risk of serious harm." See Fischer, 2010 WL 1063849 at * 12 ("[p]laintiff may allege a constitutional claim by alleging that the substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and that the officials being sued were exposed to information concerning the risk and thus, must have known about it.") (citing Farmer, 511 U.S. at 842-43).

2. <u>Deliberate Indifference</u>

With regard to the "deliberate indifference" prong, Plaintiff alleges that the correction officers failed to respond to Plaintiff's screams while he was being attacked by another inmate and that officers simply stood by and watched as Plaintiff was attacked by another inmate. Plaintiff claims that the officers had

8

actual knowledge of the inmate's dangerous nature as such inmate was administratively segregated, and once the inmate began attacking Plaintiff the correction officers made no attempt to intercede until after Plaintiff was stabbed with the broken broom stick. Plaintiff further claims to have told the correction officer of the conflict between himself and inmates housed on Tier B4C. Instead of following policy and keeping the inmates separated, Plaintiff was transferred to Tier B4C where he was attacked by another inmate. Plaintiff claims that the correction officer did not intercede, but, rather allowed the attack while stating "[l]ets [sic] see if you can fight a man." These factual allegations, if established, satisfy the deliberate indifference prong. See Candelaria v. Coughlin, No. 91-CV-2978, 1996 WL 88555, at *9 (S.D.N.Y. Mar. 1, 1996) (inaction by a correction officer to intercede and halt an attack by a fellow prisoner is sufficient basis for deliberate indifference); Morales v. New York State Department of Corrections, 842 F.2d 27, 30 (2d Cir. 1988) (when correction officer stood by and watched attack on plaintiff it may establish deliberate indifference). See also Villante v. Vandyke, No. 04-CV-0759 (FJS)(DRH), 2008 WL 163596, at *6 (N.D.N.Y. Jan. 15, 2008) ([a] failure to protect violation occurs "when prison guards simply stand by and permit an attack on an inmate by another inmate to proceed.") (quoting George v. Corr. Officer Burton, No. 00-CV-0143 (NRB), 2001 WL 12010, at *3 (S.D.N.Y. Jan. 4, 2001); see also

<u>Davidson v. Cannon</u>, 474 U.S. 344, 348, 106 S. Ct. 668, 88 L. Ed. 2d 677 (1986). Given the above authority, if these claims are proven true Plaintiff has a colorable Eighth Amendment claim. Accordingly, the Court next considers whether such claim is plausible as asserted against each of the Defendants.

    B.   <u>Claims against Nassau County</u>

        Insofar as Plaintiff seeks to assert a Section 1983 claim against Nassau County based on the misconduct of law enforcement personnel, it is insufficiently pled. A municipal body, such as a county, may not be held liable under Section 1983 for the unconstitutional acts of its employees absent allegations that such acts are attributable to a municipal custom, policy or practice. See <u>Monell</u>, 436 U.S. at 690-94; <u>see</u> <u>also</u> <u>Pembaur v. Cincinnati</u>, 475 U.S. 469, 478-479, 108 S. Ct. 1292, 89 L. Ed. 2d 452 (1986); <u>Jeffes v. Barnes</u>, 208 F.3d 49, 57 (2d Cir. 2000) (noting that a municipality "cannot properly be held liable . . . unless the injury was inflicted by [its] lawmakers or by those whose edicts or acts may fairly be said to represent official policy"), (internal citations and quotation marks omitted), <u>cert.</u> <u>denied</u>, 531 U.S. 813, 121 S. Ct. 47, 148 L. Ed. 2d 16 (2000); <u>Ricciuti v. N.Y. City.</u>, 941 F.2d 119, 123 (2d Cir. 1991). Because the Court cannot reasonably interpret the Complaint to contain allegations concerning an underlying municipal policy or custom that deprived the Plaintiff of a constitutional right, Plaintiff has failed to state a claim

against Nassau County. Accordingly, the Complaint as against Nassau County IS DISMISSED WITHOUT PREJUDICE and with leave to re-plead such claim in accordance with this Order.

    C.   <u>Claims Against Corporal Donoughly and Michael J. Sposato</u>

Although difficult to discern, it appears that Plaintiff's claims against Corporal Donoughly and Michael J. Sposato arise solely from their respective supervisory positions. A plaintiff asserting a Section 1983 claim against a supervisory official in his individual capacity must sufficiently plead that the supervisor was personally involved in the constitutional deprivation. <u>Rivera v. Fischer</u>, 655 F. Supp. 2d 235, 237 (W.D.N.Y. 2009); <u>see</u> <u>also</u> <u>Warren v. Goord</u>, 476 F. Supp. 2d 407, 413 (S.D.N.Y. 2007) ("It is well settled in this Circuit that 'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'") (quoting <u>Colon v. Coughlin</u>, 58 F.3d 865, 873 (2d Cir. 1995). "A supervisor cannot be liable for damages under Section 1983 solely by virtue of being a supervisor - there is no respondeat superior liability under Section 1983." <u>Wheeler v. G.S. Goord</u>, No. 03-CV-0787, 2005 WL 2180451, at *10 (N.D.N.Y. Aug. 29, 2005) (citing <u>Richardson v. Goord</u>, 347 F.3d 431, 435 (2d Cir. 2003)). A supervisory official may be liable where:

> (1) the supervisor may have directly participated in the challenged conduct; (2) the supervisor, after learning of the violation through a report or appeal, may have

> failed to remedy the wrong; (3) the supervisor
> may have created or allowed to continue a
> policy or custom under which unconstitutional
> practices occurred; (4) the supervisor may
> have been grossly negligent in managing the
> subordinates who caused the unlawful event; or
> (5) the supervisor may have failed to act on
> information indicating that unconstitutional
> acts were occurring.

Wheeler, 2005 WL 2180451 at *10 (citing Richardson, 347 F.3d at 435); see also Williams v. Smith, 781 F.2d 319, 323-24 (2d Cir. 1986).

Here, Plaintiff fails to make any factual allegations sufficient to demonstrate personal involvement of Corporal Donoughly or Michael J. Sposato. The conclusory statements that the Nassau County Sheriff's Department and the supervisory officers acted in a negligent or reckless manner causing Plaintiff's injuries is not sufficient. See Alarcon v. M.D.C. Brooklyn, No. 09-CV-0907(JS)(AKT), 2009 WL 2215141, at *2 (E.D.N.Y. July 20, 2009) ("[T]he Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal.") (citing Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987)). Accordingly, the claims asserted against Defendants Corporal Donoughly and Michael J. Sposato are DISMISSED WITHOUT PREJUDICE and with leave to amend in accordance with this Order.

D.   Claims Against Officers Mcathy and Thomas

Although the Plaintiff names Officers Mcathy and Thomas in the caption of the Complaint, they are not again mentioned in the body of the Complaint.  Rule 8 of the Federal Rules of Civil Procedure provides, in relevant part, that a complaint "shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach averment of a pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8. Essentially, Rule 8 ensures that a complaint provides a defendant with sufficient notice of the claims against him.  See id.; Blakely v. Wells, 209 Fed. Appx. 18, 20 (2d Cir. 2006) (citing Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988)).  In that vein, the Second Circuit has held that complaints containing only vague or conclusory accusations and no specific facts regarding the alleged wrongdoing do not allow defendants to frame an intelligent defense and are therefore subject to dismissal.  See Alfaro Motors, Inc. v. Ward, 814 F.2d 883, 887 (2d Cir. 1987).

Here, given that there are no factual allegations concerning either of these Defendants in the Complaint, it does not comply with Rule 8's requirements.  Accordingly, the claims asserted against Defendants Officers Mcathy and Thomas are DISMISSED WITHOUT PREJUDICE and with leave to re-plead in accordance with Rule 8.

E.    <u>Unnamed Officers</u>

It is a general principle of tort law that a tort victim who cannot identify the tortfeasor cannot bring suit, however in the case of <u>pro</u> <u>se</u> litigants this rule has been relaxed. <u>Valentin v. Dinkins</u>, 121 F.3d 72, 75 (2d Cir. 1997). Here, Plaintiff has alleged claims against two unnamed correction officers, identified as John Doe Officers 1 and 2. The United States Marshal Service will not be able to serve the intended correction officers without further information.

Accordingly, the Court hereby directs the County of Nassau ("County") to ascertain the full name of the unidentified officer who Plaintiff alleges transferred him from Tier B4D to B4C on February 24, 2010. If it is not feasible for the County to ascertain the full name of the unidentified officer, the County should communicate this to the Court in writing. Once the identifying information is provided, Plaintiff's complaint shall be deemed amended to reflect the full names of these two officers, summonses shall be issued, and the Court shall direct service of the Complaint upon them.

With regard to the other unidentified correction officer, Plaintiff is directed to provide additional information to the County such that the individual may be identified. Plaintiff shall provide a description of the unidentified correction officer he seeks to sue in connection with the incident alleged to have

occurred "on or about February 2010" on Tier B4D regarding the attack on Plaintiff by another inmate with a broom, and the date of the event, if possible. If, upon receiving this information from the Plaintiff, the County is still unable to identify such officer, the County shall so inform the Court in writing.

CONCLUSION

For the foregoing reasons, Plaintiff's motion to proceed in forma pauperis is GRANTED and the Complaint is sua sponte DISMISSED WITH PREJUDICE as against Nassau County Sheriffs Department and WITHOUT PREJUDICE as against Nassau County, Corporal Donoughly, Michael J. Sposato, Officer Mcathy, Officer Thomas and John Does 1 and 2 with leave to file an Amended Complaint. Plaintiff shall file any Amended Complaint in accordance with this Order by December 17, 2010, or his Complaint will be DISMISSED WITH PREJUDICE.

The Superintendent of the facility in which Plaintiff is incarcerated must forward to the Clerk of the Court a certified copy of the Prisoner's trust fund account for the six months immediately preceding this Order, in accordance with Plaintiff's authorization in his in forma pauperis application. The agency holding Plaintiff in custody must calculate the amounts specified by 28 U.S.C. § 1915(b), deduct those amounts from his prison trust fund account, and disburse them to the Clerk of the United States District Court for the Eastern District of New York. The Warden or

Superintendent shall not deduct more than twenty percent from the prisoner's trust fund account.

Furthermore, the Clerk must mail a copy of this Order, together with Plaintiff's authorization, to the Plaintiff and the Superintendent of the facility in which Plaintiff is incarcerated. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:     November 15, 2010
           Central Islip, New York