```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
LEONARDO VALDEZ CRUZ,

                          Plaintiff,

          -against-                          MEMORANDUM & ORDER
                                             10-CV-2940(JS)(ARL)
CORPORAL DONOUGHLY, OFFICER McATHY,
OFFICER THOMAS, MICHAEL J. SPOSATO,
JOHN DOE 1, JOHN DOE 2,

                          Defendants.
----------------------------------------X
APPEARANCES
For Plaintiff:      Leonardo Valdez Cruz, pro se
                    10A3105
                    Great Meadow Correctional Facility
                    P.O. Box 51
                    Comstock, NY

For Defendants:     Andrew Kenneth Preston, Esq.
                    Office of the Nassau County Attorney
                    1 West Street
                    Mineola, NY 11501
```

SEYBERT, District Judge:

Presently before the Court is Defendants' letter motion to dismiss the Amended Complaint pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. For the following reasons, Defendants' motion is DENIED.

BACKGROUND

Plaintiff Leonardo Valdez Cruz commenced this action pro se on June 25, 2010 alleging that Defendants Nassau Sheriff's Department, Corporal Donoughly, Officer McAthy, Officer Thomas, Michael J. Sposato, and John Does 1-2 violated

his rights under the Eighth Amendment of the U.S. Constitution. (Docket Entry 1.) On November 15, 2010, the Court granted Plaintiff leave to proceed in forma pauperis but dismissed the Complaint. The Court dismissed the claim against the Nassau Sheriff's Department with prejudice and granted Plaintiff leave to re-plead his claims against the other Defendants. (Docket Entry 10.) The Court also ordered Defendants to assist Plaintiff in ascertaining the names of the John Doe defendants.

After multiple extensions (and much confusion), an Amended Complaint was filed on August 19, 2011 (Docket Entry 24), and on October 18, 2011, Defendants filed their Answer. On February 6, 2012, Magistrate Judge Arlene R. Lindsay issued a scheduling order setting discovery deadlines. (Docket Entry 30.) In accordance with Judge Lindsay's order, Plaintiff filed his narrative statement on June 28, 2012. (Docket Entry 35.) The Court notes that all discovery must be completed by August 6, 2012, and the deadline for commencing the dispositive motion process is September 18, 2012.

On July 18, 2012, Defendants filed the pending letter motion to dismiss Plaintiff's Amended Complaint pursuant to Rule 41(b). (Docket Entry 36.) Defendants' letter also informs the Court that counsel's "office had made several attempts" to obtain the names of the John Doe defendants, but "there is sufficient [sic] information to identify these individuals as no

2

description is provided in the body of the complaint." (Defs. Mot. 2.) Thus, Defendants also request that the Court direct Plaintiff to provide further detail regarding his claims against the John Does.

### DISCUSSION

I. Motion to Dismiss

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995). The Second Circuit has cautioned, however, that "a Rule 41(b) dismissal remains 'a harsh remedy to be utilized only in extreme situations.'" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (quoting Theilmann v. Rutland Hosp., Inc., 455 F.2d 853, 855 (2d Cir. 1972)). Here, Defendants argue that dismissal is warranted under Rule 41(b) because the Amended Complaint "does not reflect the changes required by the Court's Order [dismissing the Complaint with leave to re-file]." (Defs. Mot. 2.) There are two flaws in Defendants' argument.

First, although Defendants cite to Rule 41(b), their arguments read like a motion to dismiss for failure to state a claim. Defendants argue that the Amended Complaint must be dismissed because: (1) Plaintiff "has failed to adequately plead a custom or policy on the part of the municipality;" (2)

3

Plaintiff "has not pled" personal involvement of either Corporal Donoughly or Michael J. Sposato; and (3) the claims against Officers Thomas and McAthy fail to comply with Rule 8 of the Federal Rules of Civil Procedure. (Defs. Mot. 1-2.) These are not grounds for dismissal under Rule 41(b). "If . . . the allegations in the operative pleading were deficient, then the proper analysis [is] to be performed under Rules 8(a), 10, and 12(b)(6), rather than Rule 41(b)." Ferran v. Office of the Dist. Att'y of Rensselaer Cnty., 351 F. App'x 508, 509 (2d Cir. 2009) (vacating and remanding because "[t]he district court's reliance on Rule 41(b) under these circumstances constituted a legal error sufficient to warrant vacatur"). But Defendants chose to file an Answer rather than move to dismiss, and they are now precluded from doing so. See FED. R. CIV. P. 12(b) ("A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."). Defendants may raise these issues in a formal motion for summary judgment or a motion to dismiss under Rule 12(c). A letter motion similar to the pending motion that fails to cite to any legal authority will not suffice.

Second, contrary to Defendants' assertion, the Court did not order Plaintiff to include anything specific in his Amended Complaint. Rather, in dismissing the Complaint without prejudice, the Court merely explained why dismissal was

4

warranted and gave Plaintiff a deadline for filing an Amended Complaint. Thus, as Plaintiff timely filed an Amended Complaint,[1] he has complied with the Court's Order. Further, the Court is not permitted to "issue specific instructions mandating the content and format of [a] putative amended complaint," Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008), and the Second Circuit has remanded cases that were dismissed by a district judge for failure to comply with such instructions, id.; accord Ferran, 351 F. App'x at 509.

II. John Doe Defendants

Defendants also ask the Court to direct Plaintiff "to provide further detail regarding the claims against the unnamed correctional officers," because "there is sufficient [sic] information [in the Amended Complaint] to identify these individuals." (Defs. Mot. 2.) The Court notes that it directed Defendants to assist Plaintiff in obtaining this information in November 2010, prior to discovery. As discovery has now commenced (and in fact is almost complete), Plaintiff can obtain through discovery whatever information he needs from Defendants to amend his Amended Complaint to add the names of the John Doe defendants. As such, at this time, Defendants are relieved of

---

[1] The Court notes that there was some confusion surrounding Plaintiff's filing the Amended Complaint, but it is not relevant to the pending motion.

5

their burden of providing such information directly to the Court.

## CONCLUSION

Accordingly, for the foregoing reasons, Defendants' motion is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT_____
Joanna Seybert, U.S.D.J.

Dated:   July __26__, 2012
         Central Islip, NY