FILED
CLERK

9/6/2016 3:51 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
LEONARDO VALDEZ CRUZ,

               Plaintiff,

    -against-                             **ORDER**
                                          10–CV–2940 (JMA)(ARL)
CORPORAL DONOUGHY et al,

               Defendants.
------------------------------------------------------X
**AZRACK, United States District Judge:**

       Currently pending before this Court is a motion for summary judgment by Defendants Corporal Donnery (s/h/a "Donoughy"), Officer Thomas, Officer McCaffrey (s/h/a "McAthy"), Michael J. Sposato and Nassau County (collectively, the "Defendants").

       For the reasons discussed below, the Court grants defendants' motion in its entirety and dismisses plaintiff's complaint in its entirety.

## I.     BACKGROUND

       Defendants' summary judgment motion was served upon plaintiff on May 29, 2015. Plaintiff requested and was granted three separate extensions of time to file his opposition to the motion.  In an Order of the Court dated September 4, 2015, plaintiff was directed to serve his opposition on defendants no later than October 16, 2015.  Plaintiff failed to file his opposition.  On April 25, 2016, the Court issued an Order to Show Cause directing the plaintiff to either file his opposition or indicate by letter to the Court that he did not wish to file an opposition but still intended to prosecute this lawsuit.  On May 23, 2016, plaintiff sent a letter to the Court stating that he was not filing an opposition to defendants' motion for summary judgment.

## II.    LEGAL STANDARD

A court may grant summary judgment only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Jeffreys v. City of New York, 426 F.3d 549, 553 (2d Cir. 2005) (internal quotation marks and citation omitted).

The moving party carries the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Moreover, the Court must construe the facts in the light most favorable to the nonmoving party and all reasonable inferences and ambiguities must be resolved against the moving party. Flanigan v. Gen. Elec. Co., 242 F.3d 78, 83 (2d Cir. 2001).

Federal Rule of Civil Procedure 56 provides that if a non-moving party fails to oppose a summary judgment motion, the court may "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e). However, "Rule 56 does not allow district courts to automatically grant summary judgment on a claim simply because the summary judgment motion, or relevant part, is unopposed." Jackson v. Fed. Exp., 766 F.3d 189, 194 (2d Cir. 2014). "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." Id. Before deciding the unopposed motion for summary judgment, the Court must conducted its own review of the record and law. See Woodward v. Ali, 2015 WL 5711899, at *6 (N.D.N.Y. Sept. 29, 2015) (before granting an unopposed motion for summary judgment, the Court must "determine whether the movant satisfied his burden of production: it must ensure that

the evidence upon which the movant relies supports the facts asserted; confirm that the facts entitle

the moving party to judgment as a matter of law; and set forth its reasoning"); <u>Vermont Teddy</u>

<u>Bear Co. v. 1-800 Beargram Co.</u>, 373 F.3d 241 (2d Cir. 2004).

"In reviewing and evaluating the evidence in support of an unopposed motion for summary

judgment, the movant's Rule 56.1 statement is 'an important guide.'" <u>Polanco v. 34th St.</u>

<u>Partnership</u>, 724 F. Supp. 2d 420, 425 (S.D.N.Y. 2010) (internal quotations omitted). However,

in determining whether the moving party has met its burden of showing the absence of a genuine

issue for trial, "the district court may not rely solely on the statement of undisputed facts contained

in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the

record supports the assertion." <u>Id.</u> (internal citations omitted).

## III.    DISCUSSION

Here, defendants argue that plaintiff's claims should be dismissed because: (1) any claims

of negligence do not arise to the level of a constitutional violation; (2) claims based on state law

are jurisdictionally defective; (3) claims against "John Doe" defendants and "Donoughy " and

"McAthy" are defective because plaintiff failed to properly identify them within the statute of

limitations period; (4) claims against defendant Sposato lack allegations of personal wrongdoing;

(5) plaintiff fails to adequately plead and there is no evidence of municipal liability; (6) there is no

evidence that defendants were deliberately indifferent to plaintiff; (7) plaintiff's claims are barred

by the Prison Litigation Reform Act for failure to exhaust his administrative remedies. (Mem. of

Law in Supp. of Defs.' Mot. for Summ. J. at 1, ECF No. 65).

Upon a careful examination of defendants' unopposed submissions, the corresponding

evidence in the record, and the legal authority upon which defendants' arguments rest, the Court

finds that defendants have met their burden of establishing that no genuine issues of material fact

remain, and that they are entitled to summary judgment as a matter of law.  Based on its review, the Court is "satisfied that [defendants'] citation to evidence in the record supports the assertion[s]" that no material fact is in dispute and that plaintiff's claims fail as a matter of law.  Vt. Teddy Bear Co., 373 F.3d at 244.

## IV.    CONSLUSION

For the foregoing reasons, defendants' motion for summary judgment is granted in its entirety.  The Clerk of Court is respectfully directed to enter judgment in favor of defendants and to close this case.

**SO ORDERED.**

Dated: September 6, 2016
        Central Islip, New York

                                   /s/ JMA_____
                                   Joan M. Azrack
                                   United States District Judge